UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE ANTONIO YOCK-CARRILLO,

       Plaintiff,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

       Defendant.
_____/

CASE NO.

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, Jose Antonio Yock-Carrillo ("Plaintiff"), by and through the undersigned attorney, hereby files this Class Action Complaint against Rushmore Loan Management Services, LLC ("Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this class action for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

2. Defendant was required to cease collection efforts as the debt Defendant was attempting to collect was discharged in bankruptcy. Despite having notice, Defendant continued communicating with Plaintiff in an attempt to collect on the discharged debt. Therefore, Defendant knowingly violated the FDCPA and FCCPA.

3. Plaintiff seeks damages, costs and attorney's fees from Defendant for the above violations.

## JURISDICTION AND VENUE

4. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

5. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

7. Plaintiff, Jose Antonio Yock-Carrillo, is a natural person residing in Volusia County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

8. Defendant, Rushmore Loan Management Services, LLC, is a foreign limited liability company, is headquartered in California, does business in the State of Florida, and is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

9. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

10. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

11. The Defendant's communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt that Plaintiff did not owe.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers. The FDCPA class is defined as:

> All consumers in the United States who filed a bankruptcy, surrendered their home in the bankruptcy proceedings, obtained a discharge, and after they received the discharge, received communications, including billing statements, related to the discharged mortgage and/or second mortgage on behalf of Defendant.

13. Plaintiff also represents and is a member of the FCCPA class which is defined as follows:

> All consumers in the State of Florida who filed a bankruptcy, surrendered their home in the bankruptcy proceedings, obtained a discharge, and after they received the discharge, received communications, including billing statements, related to the discharged mortgage and/or second mortgage on behalf of Defendant.

*Numerosity*

14. The classes are so numerous that joinder of all members is impracticable. Plaintiff estimates the FDCPA class to have approximately 50,000 members and FCCPA class to have approximately 10,000 members.

*Commonality*

15. There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. All class members received collection correspondences from Defendant and were subject to the same policies and procedures. The common questions of law and fact include, without limitation, (1) whether Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.* by: (a) engaging in conduct which can reasonably be expected to harass, oppress or abuse a consumer; (b) using false, deceptive, or misleading representations in order to collect a debt; and (c) using unfair or unconscionable means to collect a debt; and (2) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(7), and (9) by: (a) engaging in conduct which can reasonably be expected to abuse or harass a consumer; and (b) claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of another legal right when it knows that the right does not exist.

*Typicality*

16. Plaintiff's claims are typical of the claims of the Class, which are based on the same operative facts and share the same legal theories. Plaintiff has no interest adverse or antagonistic to the interests of other Class members.

***Adequacy of Class Representation***

17. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in prosecuting class action litigation.

### *Predominance of Common Questions*

18. The common questions described in Paragraphs 15 predominate over any individual issues.

### *Superiority of Class Resolution*

19. A class action is superior to other methods to fairly and efficiently adjudicate this Complaint's claims. Plaintiff does not anticipate any unusual difficulties in managing the class action because the claims are based on Defendant's standard conduct patterns.

20. A class action will permit many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would create.

21. Class treatment will allow the Court to adjudicate relatively small claims by many Class members who could not otherwise afford to seek legal remedies for Defendant's conduct.

22. Without a class action, Defendant will continue to violate the Class members' rights and the Class members will continue to suffer the loss of their legal rights, as well as monetary damages.

23. Defendant's actions apply generally to the entire Class and, accordingly, Plaintiff seeks relief that is appropriate for the entire Class.

## FACTUAL ALLEGATIONS

24. Plaintiff defaulted on his first mortgage that was serviced and owned by Wells Fargo Bank, National Association ("Wells Fargo) for his former home, located at 909 Summit Ash Court, Deland, FL 32724.

25. Plaintiff also defaulted on his second mortgage, which was a home equity line of credit for home improvements, serviced and owned by Bank of America, National Association ("BOA") for his home located at 909 Summit Ash Court, Deland, FL 32724 (the "Alleged Debt").

26. Plaintiff filed for bankruptcy on October 21, 2016. 6:16-bk-06925-KSJ. Doc. 1.

27. The Alleged Debt was listed on Schedule D of the Plaintiff's bankruptcy schedule with account number ending in -7124, totaling $251,649.59. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

28. Plaintiff surrendered and vacated any interest he had in his home (the "Property") as part of his bankruptcy.

29. The bankruptcy court entered a discharge as to the Alleged Debt on January 24, 2017. 6:16-bk-06925-KSJ. Doc. 14.

30. On March 30, 2017, the Property was purchased by Wells Fargo at a foreclosure sale. A copy of the foreclosure certificate of sale is attached hereto as **Exhibit A**.

31. On April 11, 2017, title to the Property transferred to Wells Fargo. A copy of the certificate of title is attached hereto as **Exhibit B**.

32. Plaintiff has had no connection to the Property since April 11, 2017, as the Alleged Debt was discharged in bankruptcy and title transferred. Therefore, Plaintiff has no personal liability on the Alleged Debt.

33. In May 2017, Defendant began servicing the second mortgage held by BOA that was secured by the Property.

34. In approximately June 2017, Defendant began sending Plaintiff collection communications in an attempt to collect on a debt and falsely asserting the existence of a legal right to collect payments from Plaintiff. A copy of the collection correspondence dated June 15, 2017 is attached hereto as **Exhibit C**.

35. After receiving the above mentioned collection correspondence (**Exhibit C**) from Defendant, Plaintiff called and notified Defendant of the bankruptcy, and demanded that Defendant cease contacting him in all related collection efforts.

36. Defendant responded to Plaintiff that it was aware of the bankruptcy and that collection communications would continue.

37. In approximately December 2017, Plaintiff called Defendant and Defendant again confirmed that it was aware of the bankruptcy and that Defendant still intended to continue its collection efforts.

38. On December 5, 2017, Defendant sent Plaintiff a Notice of Intent to Foreclose, stating that Plaintiff's loan was in default and that he "must now pay all past due payments." A copy of the letter dated December 5, 2017 is attached hereto as **Exhibit D**.

39. On December 8, 2017, Defendant sent Plaintiff a letter giving Plaintiff additional options for paying the discharged debt, including forbearance, loan modifications or repayment plans. A copy of the letter dated December 8, 2017 is attached hereto as **Exhibit E**.

40. Defendant had actual knowledge of the fact that the Alleged Debt had been discharged because, upon information and belief, Defendant, as a loan servicer, received notice of the bankruptcy and discharge as part of the loan "on-boarding" process, Defendant had access to all records concerning the alleged debt, including but not limited to records of the bankruptcy, among other documents.

41. Upon information and belief, Defendant had actual knowledge of the fact that the Alleged Debt had been discharged in the course of Plaintiff's bankruptcy as Defendant was advised of that circumstance by Plaintiff himself.

42. Defendant continued sending collection communications attempting to collect the alleged debt from Plaintiff. The collection communications include past due amounts along with the payment due date. A copy of multiple collection communications are attached collectively hereto as **Exhibit F**.

43. Plaintiff received these collection communications consistently after his discharge.

44. Nevertheless, after the bankruptcy, after the foreclosure sale, after the discharge, and after Plaintiff's cease and desist request, Defendant still continued attempting to collect from Plaintiff.

45. By sending collection correspondences to Plaintiff knowing that he had already received a bankruptcy discharge as to any obligations owed on the Property, Defendant violated the FDCPA, FCCPA, and the Bankruptcy Court's authority under 11 U.S.C. § 105(a).

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT

46. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

47. Plaintiff re-alleges and reincorporates paragraphs 1 through 45, as if fully set forth herein.

48. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

49. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6). Further, Defendant holds itself out as a "debt collector" as that term is defined in the federal Fair Debt Collection Practices Act in (**Exhibit D**) as well as in collection communications (**Exhibit F**).

50. Defendant, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

51. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

52. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

53. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

54. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

55. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

56. Plaintiff realleges and incorporates paragraphs 1 through 45, as if fully set forth herein.

57. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

58. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)   …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

59. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

60. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

61. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

62. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

63. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

64. Plaintiff realleges and incorporates paragraphs 1 through 45, as if fully set forth herein.

65. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

66. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

67. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

68. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

69. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

70. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: June 21, 2019

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832


/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
*Attorneys for Plaintiff*